## SUPREME COURT

### AMES agt. HURLBUT and others.

Under the old chancery practice, if an averment made in the bill was denied on oath in the answer, the denial was treated as equivalent to the testimony of a witness.

But, under the Code, a sworn denial merely creates an issue, to be tried in the same manner as if unsworn. The oath is the required evidence of the good faith of the pleader, and not of the truth of the plea. Each party, on the trial, is allowed to avail himself of the admissions and omissions of his adversary, but not of his own averments, responsive or otherwise.

Therefore, where, in the complaint, it is alleged that some of the defendants claim some interest in the subject of the litigation, it is not an admission that can enure to the benefit of such defendants on the trial. They must prove their claim.

*New - York Special Term, January,* 1859.

THE facts will fully appear in the opinion of the court.

FANCHER & EAGER, *for plaintiff.*
MILLER, PEET & NICHOLS, *for defendants.*

ROOSEVELT, Justice. The plaintiff is a judgment creditor of the firm of E. D. Hurlbut & Co., in the sum of $2,784. His execution, he says, has been returned unsatisfied in consequence of dispositions unlawfully made of their property by his debtors, and which he seeks by this action to have set aside.

In 1848, when the firm of H. & Co. failed, they were the owners of three-eighths of the ship Elizabeth Denniston, and one-eighth of the bark Mayflower. To secure, it is said, certain preferred indebtedness, they executed two bills of sale of their interest in those vessels, to captain Russell H. Post, who was then at sea in the Elizabeth Denniston as her commander, and did not receive them till his return to New-York. These instruments, although both absolute on their face, were given, it is proved, upon the understanding that the excess of the earnings of the first, after paying captain Post, and of the second, after paying F. W. Spencer, was to belong to H. & Co. The documents themselves are not produced, nor is any ex-

planation given of the omission. It was "very apparent," however, says the witness, Post, that there would be an excess beyond paying the debts to Spencer and himself. But although it is insisted that these bills of sale were fraudulent and void as against creditors, yet the plaintiff claims only the surplus after satisfying Post and Spencer, who, being willing in that view that he should succeed, make no defence to the action. The defendant, Havens, however, interposes a claim as assignee of the residuary interest of Hurlbut & Co. He says, that H. & Co., for "good consideration," not specifying its nature or amount, "and in good faith," assigned their remaining interest in the vessels to one Joseph Hurlbut, to secure to him the payment "of certain moneys owing to him from the firm," and that J. H., "for good and valuable consideration to him paid by Havens," assigned and transferred to him all his, J. H.'s, right, title and interest.

It will thus be seen that the case is narrowed down to a controversy between the plaintiff, as a judgment and execution creditor of Hurlbut & Co., and the defendants Joseph Hurlbut and Henry P. Havens, as voluntary assignees of Hurlbut & Co.; each claiming the equitable interest of the debtors in the two vessels, subject to the two prior bills of sale to Post, and thus, for the purposes of the suit, admitting those instruments to be valid mortgages.

On the trial, the plaintiff's judgment and execution were admitted. The interest of H. & Co. in the two vessels was then proved by the testimony of captain Post, who swore, in substance, that the excess, after paying himself and Spencer, was to belong to H. & Co. And here the plaintiff, as he had a right to do, having established a *prima facie* case, rested. Upon which the counsel of the defendants, J. Hurlbut and Havens, moved, as to them, for a dismissal of the complaint. No evidence was given or offered, on their part, to prove the alleged transfers to them, or the alleged indebtedness or other consideration for making such transfers, if any were made.

The defendants' counsel seemed to suppose that the legal effect of the pleadings, is to dispense with any proof on his part.

Ames agt. Hurlbut.

Under the old chancery practice, if an averment, made in the bill, was denied in the answer, the denial was treated as equivalent to the testimony of a witness. But, under the Code, a sworn denial merely creates an issue, to be tried in the same manner as if unsworn. The oath is the required evidence of the good faith of the pleader, and not of the truth of the plea. Each party, on the trial, is allowed to avail himself of the admissions and omissions of his adversary, but not of his own averments, responsive or otherwise.

This complaint, in effect, only alleges, as a reason merely for making them parties, that Havens and J. H. *claim* some interest in the subject, an allegation which, instead of being controverted, is admitted by the answer. They were made parties to enable them not only to assert, but, if practicable, to establish their claims, and to estop them if they failed to do so. So far from admitting those claims, the complaint avers them to be "unfounded and untrue." And, in the absence of all proof to explain or sustain them, they must be regarded in that light by the court. I am not aware of any existing rule of law which requires the plaintiff, in the first instance, after having made out his own title, to proceed and overthrow that of his adversary.

Without, therefore, going into the question of fraud, or discussing the authorities on the subject of transfers of property, made in trust for the use of the grantors and to delay or hinder creditors, it seems to me, in the absence of all proof to the contrary, that the plaintiff is clearly entitled to the relief he asks, so far, at least, as to direct that the interest of Hurlbut & Co. in the two vessels, that is to say, three-eighths of the one, and one-eighth of the other, be sold by a referee at public auction, and that the proceeds, after paying the amounts remaining due to Post and Spencer respectively (including proper expenses), be applied to the satisfaction of the plaintiff's judgment, interest and costs, and that the surplus, if any, be brought into court to abide its further order.

Judgment accordingly—form to be settled on notice.